# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

IN RE LETTER OF REQUEST        )
FROM PANAMA                    )
IN THE MATTER OF               )      Misc. No. 07-
ROBERT HAMMOND                 )

### GOVERNMENT'S MEMORANDUM OF LAW
### IN SUPPORT OF APPLICATION FOR ORDER

This memorandum of law is submitted in support of the
Application for an Order pursuant to Title 28, United States
Code, Section 1782, in order to execute a  letter of request from
Panama.

FACTUAL BACKGROUND:

This investigation is being conducted by the Panamanian
authorities who are investigating a case of alleged fraud.

EVIDENCE SOUGHT:

The Panamanian authorities seek information from a
corporation that resides in this District. The authority for this
Court to accede to this request is contained in Title 28, United
States Code, Section 1782, which states in part:

(a)   The district court of the district in which a person
      resides or is found may order him to give his testimony
      or statement or to produce a document or other thing for
      use in a proceeding in a foreign or international
      tribunal, including criminal investigations conducted
      before formal accusation.  The order may be made pursuant
      to a letter rogatory issued, or request made, by a
      foreign or international tribunal or upon the application
      of any interested person and may direct that the
      testimony or statement be given, or the document or other
      thing be produced, before a person appointed by the
      court.   By virtue of his appointment, the person
      appointed has power to administer any necessary oath and
      take the testimony or statement. The order may prescribe

the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The proper criteria for determining whether the court should exercise its discretion in favor of executing the request are outlined in _In Re Request for Judicial Assistance from the Seoul District Criminal Court_, 555 F.2d 720, 723 (9th Cir. 1977) (citation omitted):

> Under the statute the only restrictions explicitly stated are that the request be made by a foreign or international tribunal, and that the testimony or material requested be for use in a proceeding in such a tribunal.... [and] that the investigation in connection with which the request is made must relate to a judicial or quasi-judicial controversy.

Moreover, " (t)he judicial proceeding for which assistance is sought ... need not be pending at the time of the request for assistance; it suffices that the proceeding in the foreign tribunal and its contours be in reasonable contemplation when the request is made." In Re Letter of Request from the Crown Prosecution Services of the United Kingdom, 870 F.2d 686, 687 (D.C. Cir. 1989).

The letter of request in this case shows that the

information sought is for use in such proceedings in Panama and hence the request comes well within those circumstances contemplated by Congress in expanding the Federal Courts' authority to act in such matters. *In Re Letter of Request from the Crown Prosecution Service of the United Kingdom*, 870 F.2d 686, 689-91 (D.C. Cir. 1989); *In Re Letters Rogatory from the Tokyo District, Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). Therefore, I ask this Court to honor the request for assistance.

The reception of letters of request and the appointment of a Commissioner to execute them are matters customarily handled ex parte, and persons with objections to the request raise those objections by moving to quash any subpoenas issued by the Commissioner. *Id.*

**WHEREFORE,** the United States requests that the Court issue an Order, in the form, appended hereto, appointing a Commissioner in order to execute the request for assistance.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY: _____

David L. Hall
Assistant U.S. Attorney
1007 Orange Street
Wilmington, DE    19801
(302) 573-6277

Dated: 4/16/07



# TRANSLATION

[Translator's Note: At the top of the page, on the right side, appears a seal from the Public Ministry of Panama and the number of the page to which this document corresponds in the file of this investigation.]

### International Judicial Assistance No. 002

(Logo Public Ministry of Panama)

**The Thirteenth Circuit Public Prosecutor in and for the First Judicial Circuit of**

**Panama.**

### REQUESTS

Based on Law 20 of 1991 about Mutual Legal Assistance between Panama and the United States of America, is required from the Judicial Authority of the same rank in that State, to be so kind to make the correspondent investigation in order to obtain certification that will inform us if Mrs. KIM OPLER, U.S. National, bearer of passport No. ▮▮▮▮▮▮ maintains or not any bank account registered in the Banks Credit Union, Wells Fargo, TD Waterhouse, Bank One U of C Credit Union and Citibank of New York; to indicate to us if any transaction has been made from any of these accounts to the account No. ▮▮▮▮▮▮ of the Banco Nacional de Panama in the Republic of Panama, since the beginning of the year 2002 until September 23, 2005. In the event of a positive answer, please detail each one of these transactions.

### FACTS

The facts of this crime being investigated became known after receiving the complaint submitted by Attorney CARLOS MUNOZ POPE, against ROBERT LLOYD HAMMOND, who was the Administrator and acted on behalf of Mrs. KIM OPLER in the projects that were going to be developed in the Island of Bocas del Toro, however, his client sent to the account opened in the Banco Nacional de Panama the amount of One Million One Hundred Thirty Eight Thousand Three Hundred Ten Dollars (B/.1,138,310.00) to buy real estate, which are registered on the name of the

abovementioned HAMMOND, who at this moment has denied to transfer it into the name of Mrs. OPLER.

## TRANSCRIPTION OF THE TEXT OF THE APPLICABLE LEGAL PROVISIONS

## ALLEGEDLY INFRINGED

Criminal rules contained in the Book II, Title IV. Chapter IV of the Penal Code of the Republic of Panama, which states de generic crime Against the Patrimony, specifically Embezzlement and other Frauds.

"**Article 190:** Whoever through deceit obtains for himself or for a third party, illicit gains, injuring another, shall be sanctioned with prison from 1 to 4 years and from 50 to 200 fined days.

The sanction shall be from 5 to 10 years of prison, if the patrimonial harm exceeds one hundred thousand dollars or is committed by proxies, managers or administrators, while exercising their duties, or if it is committed in detriment of the public administration or of a welfare institution"

## DETAIL OF THE PROCEDURE BEING REQUESTED:

It is required the investigation through the corresponding procedure, in order to obtain certification from the Banks Credit Union, Wells Fargo, TD Waterhouse, Bank One Corporation, U of C Credit Union and Citibank of New York, and to inform if Mrs. KIM OPLER, U.S. National, bearer of passport No. ███████ maintains or not any bank account registered on the aforementioned banks and if from those accounts were sent several transactions since the year 2002, until September 23 2005, to the Republic of Panama, specifically to the account No ███████ of the Banco Nacional de Panama. Likewise, it is required all the information that may be on your files about the titleholder and the actual condition of the accounts

In the event of a positive answer, please detail the following information

1. The number of the account on the name of Mrs. KIM OPLER U.S National, bearer of passport No ███████

2. When were the accounts opened

3. How much was the opening amount;

4. Are these bank accounts currently opened; if so, what is their actual balance;

5. Were these bank accounts closed; if so, since when, what was the reason, and who ordered their closing.

6. Was the closing notified, who was notified of the closing, and the date of the notification;

7. Who are or who were the persons authorized to signed on said accounts.

8. Certify if from these accounts were made transactions towards the Republic of Panama, in the event of a positive answer, please indicate the dates, the amount, to the order of who and where were withdrawn said sums of money.

9. Authenticated copy of the Bank Statement since the year 2002 to September, 2005 and of the documents that accredit the transactions made.

10. Any other detail related with the issues and/or information that has not expressly been requested, which you consider would be of interest for our investigation.

### IMPORTANCE OF THE EVIDENCE REQUESTED

With the requested evidence, we would have greater probation elements in the present investigation, because it is important to accredit the existence of the accounts under the name of the affected party and the use given to these accounts.

### ANNEX

1. Certified copy of the Resolution dated February 14, 2006, by means of which is decided to formalize the required assistance.

2. Certified copy of the complaint presented by the Attorney Carlos Munoz Pope.

3. Certified copy of the wire transfers made by Mrs. KIM OPLER to Mr. ROBERT LLOYD HAMMOND, which make an approximate total amount of Nine Hundred Four Thousand One Hundred Balboas (B/.904.100.00). [Translator's Note: Panama's national currency is the Balboa. The exchange rate is permanently fixed at one Balboa to one U.S. Dollar (B/.1.00 = US$1.00)].

Pages 1 to 14 of the file

I respectfully request that the information required be certified in accordance with the laws of your country

The undersigned Thirteenth Circuit Public Prosecutor in and for the First Judicial Circuit of the Republic of Panama is pleased to offer reciprocity in similar cases in accordance with the Law and with International Treaties and Jurisprudence, and avails herself of the opportunity to express her gratitude and consideration.

LEGAL BASIS: Article 804 of the Judicial Code, Law No. 20 of July 22, 1991 by means of which is approved the Treaty of Mutual Legal Assistance in Criminal Matters between Panama and the United States of America

Signed (Illegible signature)

Licda LIZZETT CHEVALIER RIOS
THIRTEENTH CIRCUIT PUBLIC PROSECUTOR IN AND FOR THE
FIRST JUDICIAL CIRCUIT OF PANAMA

Panama, February 14, 2006

LCHR/av
Exp.: 0115-05

Pages 1 to 14 of the file

**THE THIRTEENTH CIRCUIT PUBLIC PROSECUTOR IN AND FOR THE FIRST JUDICIAL CIRCUIT OF PANAMA**   Panama, February fourteen (14) of two thousand six (2006)

This office of the Public Ministry is conducting preliminary investigation against ROBERT LLOYD HAMMOND, for the alleged commission of the Crime Against the Patrimony, in the detriment of KIM OPLER, issue denounced by Attorney CARLOS MUNOZ POPE.

On pages 2 – 10 of the preliminary investigation, appears the complaint submitted by the Attorney Carlos Munoz Pope on behalf of his client, Mrs KIM OPLER, which states that by the year 2002 she agreed with Mr. ROBERT HAMMOND that he represented her on some projects that would take place in the province of Bocas del Toro. That for the realization of the projects was used the account No. ▌▌▌▌▌ of the Banco Nacional de Panama on the name of Mr. HAMMOND and of Mrs. KIM OPLER, by means of which were received amounts of money deposited by the offended party in the United States of America, deposits that until September 23, 2005, reached the amount of One Million One Hundred Thirty Eight Thousand Three Hundred and Ten Balboas (US$ 1 138,310 00), sum that should have been used to buy different real estate property and to develop the projects in Bocas del Toro.

The document also says that ROBERT HAMMOND used the money deposited by the person he represented to buy land, which are inscribed under his name; therefore, Mrs. KIM OPLER requested the transfer into her name; however, until the moment he has denied to make the correspondent procedures, provoking a serious economic harm against her, as a consequence of the deceit she suffered.

For the abovementioned and because this Office shall continue with the preliminary investigation we consider opportune to request the Judicial Assistance to the Government of the United States of America, having as legal base the Treaty of Mutual Assistance in Criminal Matters, in order that through the correspondent authority be verified if Mrs KIM OPLER, maintains or not any bank account in the

Banks Credit Union, Wells Fargo, TD Waterhouse, Bank One, U of C Credit Union and Citibank of New York, indicate us if from any of these accounts have been made any transactions towards the Republic of Panama to the Account No.██████ of the Banco Nacional de Panama since the beginning of the year 2002 until September 23, 2005; in the event of a positive answer please detail each one of these transactions

For that reason should be requested the intervention of the Mrs Attorney General, and through her, make effective the required Legal Assistance.

Consequently, the undersigned Thirteenth Circuit Public Prosecutor in and for the First Judicial Circuit of Panama, orders

- To address Judicial Assistance to the corresponding authorities in the United States of America, in the abovementioned terms.

- To address a Note to the Attorney General in order to request from her the intervention to give faithful compliance to what corresponds on international affairs.

LEGAL BASIS:  Articles 804 of the Judicial Code, Law No 20 of July 22 1991, by means of which is approved the Treaty of Mutual Legal Assistance in Criminal Matters between Panama and the United States of America.

TO BE COMMUNICATED AND COMPLIED WTIH.

THE THIRTEENTH CIRCUIT PUBLIC PROSECUTOR.

(Signed)

Licda LIZZETT CHEVALIER RIOS

THE SECRETARY,

(Signed)

ANGIELA VEGA GARCIA

LCHR/av

Exp.: 0115-06

[Translator's Note: On the center of the bottom of the page, there is a rubber stamp that says as follows: "Public Ministry: Thirteenth Circuit Public Prosecutor of the Circuit of the First Judicial District. Certify that the above document is a true and faithful copy of its original, Panama February 16, 2006, (illegible signature), Secretary.]

CRIMINAL COMPLAINT AGAINST ROBERT HAMMOND
AS ALLEGED PERPETRATOR OF THE CRIMES AGAINST
PATRIMONY AND AGAINST PUBLIC FAITH, TO THE
DETRIMENT OF KIM OPLER

**SUPERIOR COORDINATING DISTRICT ATTORNEY OF THE REPUBLIC**

The undersigned, **CARLOS ENRIQUE MUNOZ POPE**, male, Panamanian, of legal age bearer of the personal identification number ▆▆▆▆▆▆ attorney, with domicile in Via Ricardo J Alfaro and 63rd Street, Bethania, The Century Tower Building, 5th floor, Office 520, of this city, place where I receive personal notifications, acting on my condition of representative holding a special power of attorney from Mrs. **KIM OPLER**, woman, U.S. National, of legal age, bearer of U.S. passport number ▆▆▆▆▆ with address in ▆▆▆▆▆▆▆▆▆▆▆▆ United States of America, currently on transit in Panama City, Republic of Panama appear in this office, with all the respect you deserve, within the process that is described at the top of this document, in order to put into motion the criminal complaint according to Law 31/1998, of May 29, against Mr ROBERT LLOYD HAMMOND, male, U.S National, of legal age, bearer of U.S passport number ▆▆▆▆▆ with domicile in ▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆ may be reached at telephone numbers ▆▆▆▆▆▆▆▆ as alleged perpetrator of the CRIMES AGAINST PATRIMONY and CRIMES AGAINST PUBLIC FAITH, to the detriment of **KIM OPLER**.

Our criminal complaint is based on the following

### I S S U E S:

FIRST: Mrs. **KIM OPLER** and Mr **ROBERT LLOYD HAMMOND** agreed that since the year 2002 he would be her administrator in the Republic of Panama and would represent her in a series of projects to be developed in the Island of Bocas del Toro

SECOND: With the purpose that Mr **ROBERT LLOYD HAMMOND** would perform as administrator and representative of Mrs KIM OPLER in the projects to be developed in the Island of Bocas del Toro, the account number ▆▆▆▆▆ in the Banco Nacional de Panama was used with the individual signature of both of them.

THIRD: Mr. ROBERT LLOYD HAMMOND, as administrator and representative of Mrs.

KIM OPLER, received in the abovementioned account, in concept of weekly honoraries,

the amount of ONE THOUSAND FIVE HUNDRED DOLLARS (US$1,500.00) since the

beginning of the year 2002 until the month of September of 2005.

FOURTH   Mrs. KIM OPLER has made different wire transfers incoming from the

United States of America to the account number 010299916 of the Banco Nacional de

Panama in the name of ROBERT LLOYD HAMMOND that approximately reach the

amount of ONE MILLION ONE HUNDRED THIRTY EIGHT THOUSAND THREE

HUNDRED TEN DOLLARS (US$1,138,310.00) until September 23, 2005.

The last money wire transfer made by Mrs. KIM OPLER, in the amount of FIFTY

THOUSAND DOLLARS (US$50,000.00) was received in the aforementioned account

and withdrawn by Mr. ROBERT LLOYD HAMMOND, assuring that were used in the

projects to be developed in the Island of Bocas del Toro when he was not even

complying with his duties as administrator and representative of Mrs. KIM OPLER.

FIFTH:  Mrs. KIM OPLER made different money wire transfers incoming form the

United States of America and in the amount of ONE MILLION ONE HUNDRED THIRTY

EIGHT THOUSAND THREE HUNDRED TEN DOLLARS (US$1,138,310.00) for the

procurement of several real estate properties and the development of the projects in the

Island of Bocas del Toro.

SIXTH:  The real estate properties that Mr. ROBERT LLOYD HAMMOND bought with

the money of Mrs. KIM OPLER are as follows:

6.1   Public Deed No. 83 dated February 18th, 2003, by means of which

NICOLAS BARRIA TORRES sold to Mr. ROBERT LLOYD HAMMOND

Possessory Rights over a parcel of land.

6.2   Public Deed No. 184, by means of which ROBERTO ANTONIO

MITCHELL SMITH sold to ROBERT LLOYD HAMMOND Possessory

Rights over a lot of land.

6.3    Public Deed No 179 by means of which **JORGE GILBERTO SMITH,** **ROBERT HAMMOND** and **TAMARA ELAINE PACE** protocolized an Addenda to the Purchase Agreement over Possessory Rights

6.4    Public Deed No. 555. dated December 23rd, 2002, by means of which **RAMON ARAUZ ARANGO** executes Contract for the Sales-Purchase of parcel of land No. 5342 with Mr. **ROBERT LLOYD HAMMOND**

6.5    Public Deed No. 552. dated December 23rd, 2002, by means of which **CARLOS ORTIZ VERNAZA** sells to ROBERT LLOYD HAMMOND the Possessory Rights of a parcel of land.

6.6    Public Deed No 217 dated April 22nd, 2003, by means of which FERNANDO SOLIS sells to ROBERT LLOYD HAMMOND parcel of land No. 6964.

6.7    Public Deed No. 273 containing four pages and dated May 19th, 2003, by means of which **SANDRA EMILIA DARCY WARREN** sold to **ROBERT LLOYD HAMMOND** Possessory Rights of the parcel of land.

6.8    Public Deed No. 274 containing 3 pages. dated May 20th, 2003. by means of which **VALENTIN SMITH REID** sells to ROBERT LLOYD HAMMOND parcel of land No. 5755

SEVENTH:  From the real estate properties previously described. some are inscribed and others are possessory rights. all of them registered in the name of Mr. **ROBERT LLOYD HAMMOND.**

EIGHT:  Once Mrs. **KIM OPLER** found out about the fact described above. she requested Mr. **ROBERT LLOYD HAMMOND** to make the corresponding transfers to her name. but he has denied. until now. to comply with Mrs. OPLER's request

NINTH:  Mrs. **KIM OPLER** and Mr **ROBERT LLOYD HAMMOND** constituted the corporation **CASA DE COCO CORPORATION, S.A.** with the purpose to develop the project in the Island of Bocas del Toro

TENTH:    Once the corporation **CASA DE COCO CORPORATION, S.A.** was constituted, Mr. **ROBERT LLOYD HAMMOND** held, on September 2, 2004, an Extraordinary Shareholder's Meeting which allowed him to figure as titleholder before the Ministry of Economy and Finances of four (4) administrative concessions consisting of bottom of sea parcels of land, located in the Corregimiento and District of Bocas del Toro in the place known as Saigon

ELEVENTH: Mr. **ROBERT LLOYD HAMMOND** held on September 2, 2004, the Extraordinary Shareholder's Meeting of the corporation named **CASA DE COCO CORPORATION, S.A.** without being present the total amount of the shareholders of the corporation.

In the abovementioned meeting, Mr. **ROBERT HAMMOND** acted as President, and Mrs. **TAMARA PACE** as Secretary, both titleholders of said titles, and on document, which signatures were certified before a Notary Public, they attested that "100% of the shares issued and in circulation, with voting rights were present and resigned to the previous convocation", which is false because our client was not present and was not summoned in any way.

TWELFTH: The punitive facts against Mr. **ROBERT LLOYD HAMMOND** are typified in the Book II, Title IV, Chapter IV and Title VIII, Chapter I of the Penal Code

THIRTEENTH: The action made by Mr. **ROBERT LLOYD HAMMOND**, constitutes the crime of Embezzlement because he deceived our client by inducing Mrs. **KIM OPLER** to send him the amount of ONE MILLION ONE HUNDRED THIRTY EIGHT THOUSAND THREE HUNDRED TEN DOLLARS (US$1.138.310.00) to develop the projects in the Island of Bocas del Toro and Mr. **HAMMOND** has benefited for himself in the detriment of the economic patrimony of the victim of this crime because she has not received the transfers of the real estate acquired with the funds she sent.

FOURTEENTH: The action made by Mr. **ROBERT LLOYD HAMMOND** in the detriment of Mrs. **KIM OPLER** is accompanied by the forgery committed in the Minutes of the Extraordinary Meeting of the Board of Shareholders of the corporation **CASA DE COCO**

**CORPORATION, S.A.**, held on September 2, 2004. The forgery committed in the abovementioned Minutes, without being present the total number of the shares with the right to vote, puts in evidence that Mr. **ROBERT LLOYD HAMMOND** took advantage of the evidentiary value that the Notary Public granted at the moment of protocolizing said document to legally bring up false documents, specifically destined to produce effects at the Ministry of Economy and Finances at the moment of making the requests of administrative concessions of the globes of land of bottom of sea located in the Island of Bocas del Toro, harming the economic patrimony of Mrs. **KIM OPLER** in the amount of ONE MILLION ONE HUNDRED THIRTY EIGHT THOUSAND THREE HUNDRED TEN DOLLARS (US$1,138,310.69), amount from which should be deducted the agreed weekly honoraries that the accused received, despite he was not complying with his responsibilities when he moved to Panama, since the year 2004.

For all the considerations previously exposed, we kindly request to the Superior Coordinating District Attorney of the Republic to order the instruction of the preliminary investigation, in order to prove the existence of the punitive act, perpetrated by Mr. **ROBERT LLOYD HAMMOND**, as responsible of the punitive issues, object of the present criminal complaint, as well as the realization of all the pertinent diligences and useful for the discovery of the truth and of all those circumstances that serve to qualify the punitive act complained with the purpose to impose to the perpetrator the respective penal sanction.

## E V I D E N C E S:

Enclosed are the following:

1. Special Power of Attorney.

2. Simple copies of the requests presented by the accused in the name of the corporation **CASA DE COCO CORPORATION, S.A.** at the Ministry of Economy and Finances, corresponding to the globes of land of 0.204 square feet, 1.497.66 square feet, 0766.87 square feet, and 0.860.74 square feet, respectively all from the Sector of Saigon, Corregimiento and District of Bocas del Toro

3. Some of the copies and some originals of the wire transfers made by the Complainant KIM OPLER to the accused ROBERT HAMMOND, which make a sub-total of **NINE HUNDRED FOUR THOUSAND ONE HUNDRED DOLLARS WITH 00/100 ($904,100.00)**.

(All these funds and any others were transferred to the destination Account Number

███████████

### YEAR 2005

| Date | Bank of Origin | Amount in Dollars |
|------|----------------|-------------------|
| 1. September 9 | Credit Union | 50,000.00 |
| 2. May 17 | Wells Fargo | 150,000.00 |
| 3. March 18 | Wells Fargo | 120,000.00 |
| 4. February 15 | TD Waterhouse | 69,000.00 |
| 5. January 21 | Bank One | 120,000.00 |
| | | 401,000.00 |

### YEAR 2004

| | | |
|------|----------------|-------------------|
| 1. November 15 | Wells Fargo | 50,000.00 |
| 2. October 4 | Wells Fargo | 50,100.00 |
| 3. July 13 | Wells Fargo | 100,000.00 |
| 4. June 3 | Wells Fargo | 50,000.00 |
| 5. April 21 | Wells Fargo | 50,000.00 |
| | | 300,000.00 |

### YEAR 2003

| | | |
|------|----------------|-------------------|
| 1. December 3 | Wells Fargo | 50,000.00 |
| 2. October 17 | U of C Credit Union | 30,000.00 |
| 3. July 16 | U of C Credit Union | 25,000.00 |
| 4. February 20 | Bank One | 90,000.00 |
| | | 195,000.00 |

### YEAR 2002

| | | |
|------|----------------|-------------------|
| March 29 | Bank One | 8,000.00 |

4. We include certified copies about transfer of titles, corresponding to the following parcels of land:

4.1. Public Deed No. 83 dated February 18th, 2003, by means of which **NICOLAS BARRIA TORRES** sold to Mr. **ROBERT LLOYD HAMMOND** possessory rights over a parcel of land located in Isla Colon, Bocas del Toro.

4.2. Public Deed No. 184, dated April 18th, 2003, by means of which **ROBERTO ANTONIO MITCHELL SMITH** sold to **ROBERT LLOYD HAMMOND** possessory rights over a lot of land located in the City of Bocas del Toro.

4.3. Public Deed No. 179, by means of which **JORGE GILBERTO SMITH, ROBERT HAMMOND** and **TAMARA ELAINE PACE** protocolized an Addenda to the Purchase Agreement over possessory rights.

4.4. Public Deed No. 555, dated December 23rd, 2002, by means of which **RAMON ARAUZ ARANGO** executes a Contract for the Sales-Purchase of the Parcel of land No. 5342 with Mr. **ROBERT LLOYD HAMMOND** and Form No. TBI-106 regarding bona inmobilia Tax of Transfer, also dated December 23rd, 2002.

4.5. Public Deed No. 552, dated December 23rd, 2002, by means of which **CARLOS ORTIZ VERNAZA** sells to **ROBERT LLOYD HAMMOND** the possessory rights over a parcel of land located in the City of Bocas del Toro, Writ No. 1-395-02, dated December 17th, 2002, Note dated December 2nd, 2002, describing the parcel of land sold, and the Minutes of on-sight inspection of the globe of land, dated Changuinola, December 18th, 2002.

4.6. Public Deed No. 217, dated April 22nd, 2003, by means of which **FERNANDO SOLIS** sells to **ROBERT LLOYD HAMMOND** parcel of land No. 6964, located in Isla Colon, Province of Bocas del Toro and Form No TB1-106, regarding Sworn Declaration of bona inmobilia Tax Transfer, dated May 5th, 2005.

4.7. Public Deed No. 273 containing 4 pages and dated May 19th, 2003, by means of which **SANDRA EMILIA DARCY WARREN** sold to **ROBERT LLOYD**

HAMMOND possessory rights over a parcel of land located in the City of Bocas del Toro, including:

4.7.1.1.  Resolution No. 1-064-03, dated May 16th, 2003, describing the location of the land and stating the inspection made by the Ministry of Land and Cattle Development, National Direction of Agrarian Reform.

4.7.1.2.  Certification dated May 12th, 2003, which gives faith of the commitment to authorize the transfer and processes to obtain the title of property.

4.7.1.3.  Writ No. 1-209-03, dated May 15, 2003 that acknowledges the Brief and orders the continuation of the processes.

4.7.1.4.  Minutes of the on-sight inspection, dated May 15th, 2003 over a parcel of land

4.7.1.5.  Certification of the Mayor of the District of Bocas del Toro, who gives faith that SANDRA EMILIA DAVEY WARREN, occupied the globe of land.

4.7.1.6.  Resolution No. 65, dated May 6th, 2003, by means of which the City Council of the District of Bocas del Toro supports the adjudication of the Concession of Land of Bottom of Sea, property of the Nation in favor of SANDRA EMILIA DARCY WARREN.

4.8. Public Deed No. 274 containing 3 pages, dated May 20th, 2003, by means of which VALENTIN SMITH REID sells to ROBERT LLOYD HAMMOND the parcel of land No. 5755, located in the Isla Colon, Province of Bocas del Toro and Form No. 106, regarding Sworn Declaration of bona inmobilia Tax Transfer.

5.  We provide copies of the Statements of Account corresponding to the Account No. ███████ from the period between February 21st, 2004 to December 22nd, 2004, containing 11 pages.

6. We provide copies of the Statements of Account corresponding to the Account No ▬▬▬ from the period between January 22nd, 2005 and September 22nd, 2005.

7. We provide 47 pages of the handwritten Report drafted by Mrs. **TAMARA PACE**, corresponding to the period between January, 2004 and August, 2005

8. Original printed report delivered by Mrs. **TAMARA PACE** to Mrs. **KIM OPLER**, containing 6 pages, corresponding to the period between January 1st 2004 and December 31st, 2004.

9. Original printed report delivered by Mrs. **TAMARA PACE** to Mrs. **KIM OPLER**, containing 2 pages, corresponding to the period between January 1st, 2004 to January 31st, 2004 and Report containing 6 pages corresponding to the period between January 1st, 2004 and March 31st, 2004.

10. Original printed report delivered by Mrs. **TAMARA PACE** to Mrs. **KIM OPLER**, corresponding to the period between January 1st, 2005 and August 31st, 2005, containing 7 pages

11. Certification issued by the Public Registry of Panama No. 160372 containing one page, dated November 11th, 2005, on which appears Mrs. **KIM OPLER** as subscriber of the Articles of Incorporation of the Corporation **CASA DE COCO CORPORATION, S.A.**, which demonstrates its existence, force, and representation.

12. Certification of the Public Registry No. 156029, dated November 11th, 2005, on which faith is given that Mr **ROBERT LLOYD HAMMOND** is the owner of the parcel of land No. 5755, since June 16th, 2003.

13. Certification of the Public Registry of Panama No. 156608, dated November 14th, 2005, on which faith is given that Mr. **ROBERT LLOYD HAMMOND** is the owner of the parcel of land No. 5342

14. Authenticated copy of the Public Deed No. 338, dated July 1st, 2003, by means of which was constituted the Corporation **CASA DE COCO CORPORATION, S.A.**,

inscribed in the Microfiche 437037, Document 509219, since July 18th 2003, by

means of which is demonstrated that **KIM OPLER** is the owner of one share.

## TESTIMONIALS

We kindly request that the following persons be summoned to appear and make a

statement:

1. Mrs. **KIM OPLER**, whose personal details appear on this libel.

2. Licdo. **NELSON CARREYO**, bearer of personal identification No.

3. Mr **OMAR DEAN**, bearer of personal identification No.

## L E G A L   B A S I S:

Articles 190, 265, 266 and others in concordance with the Penal Code; and

Articles 2000, 2002, 2003 and others in concordance with the Judicial Code.

Panama, December 7th, 2005

From the Circuit Public Prosecutor, sincerely,

(illegible signature)

Dr. CARLOS E. MUNOZ P.

Translator's Note: On the back of the last page there is a rubber stamp that says as
follows:  "Public Ministry, Thirteenth Circuit Public Prosecutor of the First Judicial
District, Certify that the abovementioned is a true and faithful copy of its original,
Panama, February 16, 2006, (illegible signature), Secretary".

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CERTIFICATION

I, Ana Elena Castillo Avila, Official Interpreter / Translator of the Public Ministry of
Panama, hereby certify that to the best of my knowledge, the above is a true and faithful
translation of the original document written in Spanish

Panama, Republic of Panama
November 17, 2006

Ana Elena Castillo Avila
Official Interpreter / Translator

EL SECRETARIO GENERAL DE LA
PROCURADURIA GENERAL DE LA NACION

CERTIFICA:

Que la firma que antecede al pie del presente es la del
funcionario a quien se hace referencia por la
semejanza que guarda con la que reposa en esta
Secretaria con la que él mismo acostumbra a estampar en
sus actos oficiales.

Panamá, 01 de dic. de 06

Secretario General

### APOSTILLE

*( Convention de la Haye du 5 octobre 1961)*

*1. En Panamá el presente documento público*

*2. ha sido firmado por* _____ RIGOBERTO GONZALEZ MONTENEGRO

*3. quien actúa en calidad de* _____ SECRETARIO  GENERAL _____

_____

*4. y está revestido del sello / timbre de* ___ PROCURADURIA  GENERAL  DE  LA

_____ NACION. _____

### CERTIFICADO

*5. En el Ministerio de Relaciones Exteriores  6. el día* ___ 11-12-2006

*7. por* ___ JEFE DE AUTENTICACION Y LEGALIZACION

*8. bajo el número* _____ OFICIAL .

*9. sello / timbre*        *10. Firma*



Lic. Ernesto Lozano Lopez

JEFE DE AUTENTICACION Y LEGALIZACION
MINISTERIO DE RELACIONES EXTERIORES

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

IN RE LETTER OF REQUEST )
FROM PANAMA )
IN THE MATTER OF )    Misc No. 07-
ROBERT HAMMOND )

ORDER

Upon application of the United States of America; and upon examination of a letter of request from Panama whose authorities are seeking certain testimony and information from individuals which may be found in this District, for use in a judicial proceeding in Panama and the Court being fully informed in the premises, it is hereby

**ORDERED**, pursuant to Title 28, United States Code, Section 1782, that David L. Hall, Assistant United States Attorney, hereby is appointed as Commissioner of this Court and is hereby directed to execute the letter of request from the Panamanian authorities as follows:

1. to take such steps as are necessary, including issuance of commissioner's subpoenas to be served on persons within the jurisdiction of this Court, to collect the evidence requested;

2. provide notice with respect to the collection of evidence to those persons identified in the requests as parties to whom notice should be given (and no notice to any other party shall be required);

3. adopt procedures to collect the evidence requested consistent with its use as evidence in a proceeding before a Court in Panama, which procedures may be specified in the request or provided by the Panamanian authorities;

4. seek such further orders of this Court as may be necessary to execute this request; and

5. certify and submit the evidence collected to the Office of International Affairs, Criminal Division, United States Department of Justice, or as otherwise directed by that office for transmission to the Panamanian authorities.

IT IS FURTHER ORDERED that, in collecting the evidence requested, the Commissioner may be accompanied by persons whose presence or participation is authorized by the Commissioner.

Dated: This _____ day of _____, 2007.


_____
United States District Court Judge

2